IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JON GRAY,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, and DOES 1-10, inclusive,

    Defendants.

No. C 13-03513 WHA

**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this federal labor-law action, defendant moves to dismiss the complaint for lack of subject-matter jurisdiction, failure to state a claim, and violation of Federal Rule of Civil Procedure 8. To the extent stated below, the motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**. The hearing on February 27, 2014, is hereby **VACATED**.

## STATEMENT

The following facts are assumed to be true for the purposes of defendant's motion to dismiss. Pro se plaintiff Jon Gray had been a Deputy Sheriff for the City and County of San Francisco for almost ten years when his employment was terminated on October 6, 2008. According to the complaint, plaintiff's termination was "due to various progressive disciplines." The union appealed all but three disciplinary actions. After plaintiff's termination, his request for these three appeals was denied, allegedly because the union abandoned its appeals.

1  According to the complaint, the union claimed it never abandoned the appeals.  The complaint
2  alleges that the denial of disciplinary appeals violated plaintiff's due process rights per the
3  collective bargaining agreement.  Plaintiff seeks injunctive relief requesting that defendant
4  provide the requested disciplinary appeals.  Further, the complaint alleges damages in the
5  amount of $1,727,468 for lost wages, future earnings, and benefits.  Defendant now moves to
6  dismiss for lack of subject-matter jurisdiction, among other reasons.  This order only reaches the
7  matter of subject-matter jurisdiction.

**ANALYSIS**

The central issue is whether there is federal subject-matter jurisdiction.  Federal courts have original jurisdiction over claims that raise a federal question or where there is a matter in controversy exceeding $75,000 between citizens of different states.  28 U.S.C. 1331, 1332(a).

The action was commenced here by a former Deputy Sheriff for the City and County of San Francisco on the sole basis of federal-question jurisdiction.  The complaint alleges that defendant violated the National Labor Relations Act.  29 U.S.C. 151, *et seq*.  This anchoring federal claim fails because the Act specifically exempts "any State or political subdivision thereof" from the definition of "employer."  29 U.S.C. 152(2).  Similarly, the term "employee" excludes a person employed by an entity that is not an "employer" under the Act.  29 U.S.C. 152(3).  Therefore, plaintiff's claim does not raise a federal question.

This order notes that the complaint alleges a vague "due process" violation.  Based on the facts alleged in the complaint, however, it is not clear whether plaintiff is alleging a federal due process violation, a state constitutional due process violation, or merely a contractual claim for relief based on collective bargaining.  Regardless, plaintiff has not pled sufficient facts to warrant giving any credence to this argument.

To the extent that the complaint alleges any state-law claims, the only basis for exercising jurisdiction is supplemental jurisdiction.  A district court may decline to exercise supplemental jurisdiction over a state claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3).  "To decline jurisdiction under [Section] 1367(c)(3), the district court must first identify the dismissal that triggers the exercise

of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). The Supreme Court has also instructed that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdiction sense, the state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

In this action, the principles of judicial economy, convenience and fairness to the parties, and comity weigh against retaining supplemental jurisdiction. Plaintiff filed the complaint less than seven months ago and the case remains in the early stages of litigation. There has not been enough work done on this action and it is more efficient to dismiss the claims than exercise supplemental jurisdiction.

Plaintiff cannot remedy the fatal deficiency in his complaint because the NLRA exempts States and political subdivisions. Since any leave to amend would be futile, the order dismisses the complaint with prejudice. Accordingly, the motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**. The hearing on February 27, 2014, is hereby **VACATED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 7, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE