IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JON GRAY,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.

No. C 13-03513 WHA

**ORDER RE OPPOSITION**

*Pro se* plaintiff Jon Gray has filed an opposition to defendant's motion to dismiss after this action was already dismissed for lack of federal subject-matter jurisdiction on February 7, 2014.

After reading and seriously considering his arguments, this order concludes that plaintiff has still failed to prove that his complaint establishes federal jurisdiction in this action. *First*, plaintiff argues that the NRLA establishes federal jurisdiction, but the Act specifically exempts "any State or political subdivision thereof" from the definition of "employer." 29 U.S.C. 152(2). Similarly, the term "employee" excludes a person employed by an entity that is not an "employer" under the Act. 29 U.S.C. 152(3). Thus, the NLRA is inapplicable here. *Second*, plaintiff argues that "Defendant is obligated to provide due process to plaintiff by this collective bargaining agreement" (Br. at 15). Plaintiff does not state whether he is alleging a federal due process violation, state due process violation, or contractual claim, but he has failed to plead sufficient facts regardless. Thus, his due process claim does not establish federal jurisdiction.

*Third*, plaintiff has not established federal jurisdiction by alleging for the first time in his opposition an equal protection claim on the basis of sexual orientation discrimination "under the law established by NLRB and the Collective Bargaining Agreement between the Defendants and the Plaintiffs Union" (*ibid*). As previously stated, the NLRA does not establish federal jurisdiction. Assuming that plaintiff is attempting to allege a Section 1983 claim in his opposition, none of the facts he alleges in his opposition regarding such a claim actually appear in his *complaint*. In order to survive a motion to dismiss, plaintiff must explain how his *complaint* establishes federal jurisdiction and alleges sufficient facts to state a claim for relief.

*Fourth*, plaintiff alleges a First Amendment claim, alleging that he was fired after asking questions to an investigator who was probing plaintiff's arbitration regarding a disciplinary appeal. These statements, however, are not on matters of public concern. *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012). Thus, plaintiff's allegation of retaliation does not establish federal jurisdiction.

Simply put, plaintiff cannot establish federal subject-matter jurisdiction. This order shall remain closed, and no more briefing will be entertained. Plaintiff is simply in the wrong court.

**IT IS SO ORDERED.**

Dated: February 18, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2